## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| THERESA SEPE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 13-511-M |
| | ) | |
| RED ROBIN GOURMET BURGERS, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

A jury determined after three days of testimony and evidence that Defendant Red Robin Gourmet Burgers, Inc. ("Red Robin") was not liable to Plaintiff Theresa Sepe for her injuries resulting from a fall at its restaurant in Warwick, Rhode Island. Ms. Sepe moves for a new trial, alleging that defense counsel made arguably improper arguments in his closing statement and a document was admitted in full without proper redaction. (ECF No. 40.) Because the Court finds that these grounds do not warrant a new trial, Ms. Sepe's motion is DENIED.

## I.    FACTS AND BACKGROUND

Ms. Sepe alleged that she fell at Red Robin on July 29, 2011, slipping on an unknown substance on the floor. After completing an incident report with the restaurant manager, Ms. Sepe went to a nearby urgent care facility, where she was examined, x-rayed, and diagnosed with a probable right hip fracture and contusions to her knees. Following her visit, Ms. Sepe received treatment for her injuries from several different physicians, incurring medical expenses and other damages.

At trial, Ms. Sepe presented evidence that a hazardous condition caused the fall, and that Red Robin had breached its duty to exercise reasonable care to her by allowing such a hazardous

condition to exist.  The jury decided in favor of Red Robin and judgment entered.  (ECF No. 35.)

Ms. Sepe now makes this motion for a new trial.

## II.      STANDARD OF REVIEW

A "court may, on motion, grant a new trial on all or some of the issues . . . after a jury

trial, for any reason for which a new trial has heretofore been granted in an action at law in

federal court."  Fed. R. Civ. P. 59(a)(1)(A).  The Court's authority is limited, with deference

given to the jury's determination of fact, and application of the law to the facts.

A district court may order a new trial "'only if the verdict is against the law, against the

weight of the credible evidence, or tantamount to a miscarriage of justice.'"  *Crowe v. Marchand*,

506 F.3d 13, 19 (1st Cir. 2007) (quoting *Casillas–Diaz v. Palau*, 463 F.3d 77, 81 (1st Cir.

2006)).  Judicial interference with a jury verdict is warranted only where the verdict represents

"'a blatant miscarriage of justice.'"  *Acevedo–Garcia v. Monroig*, 351 F.3d 547, 565 (1st Cir.

2003) (quoting *Sanchez v. P.R. Oil Co.*, 37 F.3d 712, 717 (1st Cir. 1994)).  "It is the jury, not the

court, which is the fact-finding body.  It weighs the contradictory evidence and inferences,

judges the credibility of witnesses, receives expert instructions, and draws the ultimate

conclusions as to the facts.  The very essence of its function is to select from among conflicting

inferences and conclusions that which it considers most reasonable."  *Tennant v. Peoria & P. U.*

*Ry. Co.*, 321 U.S. 29, 35 (1944).  The Court "cannot displace a jury's verdict merely because he

disagrees with it" or because "a contrary verdict may have been equally ... supportable."  *Ahern*

*v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996) (internal citation omitted).  In other words, a district

court judge does not sit as a thirteenth juror who may set aside a verdict simply because that

court would have reached a different conclusion.  *United States v. Rothrock*, 806 F.2d 318, 322

(1st Cir. 1986).

## III.   ANALYSIS

Ms. Sepe raises two issues in her motion.  First, she argues that defense counsel made improper and prejudicial comments during his closing argument.  Ms. Sepe proffers that defense counsel intended to introduce purely emotional elements into the jurors' minds, and that the jurors ultimately carried the emotion into deliberations, thus prejudicing Ms. Sepe.  Second, Ms. Sepe argues that an exhibit was admitted without being redacted in accordance with this Court's ruling on her pre-trial motion in limine.

### A.  Closing argument

Ms. Sepe takes issue with three remarks from Red Robin's closing argument in her motion:

1. "Now, we've all seen comics on TV when they want to simulate a fall, they go up and land on their back.  I've never seen anybody slip and fall onto their knees.  The only way that could happen is if you lose balance."  (ECF No. 40-2 at 6);

2. "The interesting thing about this note is that, you know, this was all conjured up after the fact to hide the fact."  (*Id.* at 11);

3. "…she had on those god-awful shoes, and she fell."  (*Id.* at 8).

Ms. Sepe argues she was prejudiced even though she did not object to any of these comments at trial and fails to address in her motion whether that failure forfeits or waives her objection.  Red Robin argues that she waived her right to object, barring the Court's review of the comments.

The First Circuit Court of Appeals distinguishes forfeiture of an objection from waiver of the right to make the objection, and holds that "when no timely objection is made, claims of improper closing argument are forfeited, not waived, and thus amenable to review for plain error."  *Smith v. Kmart Corp.*, 177 F.3d 19, 25 (1st Cir. 1999).  Therefore, the Court should "consider a forfeited objection only if: (1) an error was committed; (2) the error was 'plain' (i.e. obvious and clear under current law); (3) the error was prejudicial (i.e. affected substantial

3

rights); and (4) review is needed to prevent a miscarriage of justice." *Id.* at 26. The Court will grant her motion for a new trial only if it finds that failing to do so will "seriously affect[] the fairness, integrity or public reputation of the judicial proceedings." *Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 189 (1st Cir. 1996) (citation and internal quotation marks omitted). The Court now turns to the grounds Ms. Sepe asserts in her motion.

### i. Alleged Instances of Improper Argument

Of the three closing argument comments, only one constituted plain error. First, the Court finds counsel's suggestion that Ms. Sepe must have *stumbled* forward, not *slipped* forward as she claims, is simply an alternative explanation of how she was injured. Though colorfully phrased, such an offering does not amount to improper argument. *United States v. Glover*, 558 F.3d 71, 77-8 (1st Cir. 2009) (a party "is permitted to discuss competing inferences from the evidence in the record."). Second, defense counsel's statement, "[t]he interesting thing about this note is that, you know, this was all conjured up after the fact to hide the fact," came in response to Ms. Sepe's suggestion that the original incident report was altered to hide that there was a substance on the floor that caused her fall. This comment during closing was merely a hyperbolic paraphrase of Ms. Sepe's theory that Red Robin covered up the root cause of her fall and does not constitute improper argument in the Court's eyes. *Id.* Therefore, these two comments do not constitute error and the Court need go no further in its discussion.

As for counsel's characterization of Ms. Sepe's shoes, the plain error determination is a closer call, but the Court ultimately finds that it was improper commentary as it had no bearing on Red Robin's negligence, or the elements thereof, and was thus improper argument. *Smith*, 177 F.3d at 26. The Court turns then to the determination of whether the comment was prejudicial or affected a miscarriage of justice.

### ii. Prejudice to Substantial Rights and Miscarriage of Justice

Ms. Sepe carries the formidable burden of demonstrating that this case lies among the "rare species of civil litigation" involving errors that reach the "pinnacle of fault." *Cambridge Plating Co., Inc. v. Napco, Inc.*, 85 F.3d 752, 767 (1st Cir. 1996) (citations omitted). This Court finds no such error here.

While defense counsel interjected his personal opinion about Ms. Sepe's shoes, there is no evidence that his comment caused Ms. Sepe any prejudice. At trial, both parties had an equal opportunity to present evidence and testimony to the jury. Both parties took advantage of that opportunity and thoroughly did so. Moreover, the jury saw the shoes Ms. Sepe was wearing the day she fell and had the opportunity to form their own opinion about them and what effect they may, or may not, have had on Ms. Sepe's fall at Red Robin. While defense counsel's commentary was perhaps improper, the Court is satisfied that there is nothing in the jury's deliberations or verdict to suggest that its verdict was grounded on anything other than the evidence before it within the confines of the Court's legal instructions. There was neither prejudice nor a miscarriage of justice here.

A final point touching on the instructions that bears repeating in the context of this motion. The Court instructed the jurors that the parties' closing arguments are not evidence. (ECF No. 32 at 3.) It is a well-accepted assumption that "jurors will scrupulously follow the court's instructions." *United States v. Rivera-Gomez*, 67 F.3d 993, 999 (1st Cir. 1995) (citing *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)). The First Circuit has held that a "district court's standard instruction, advising jurors that arguments of counsel are not evidence, [is] adequate to dispel any prejudice from improper remarks." *United States v. Ayala–Garcia*, 574

F.3d 5, 21 (1st Cir. 2009). Based on the Court's clear instruction that closing arguments are not evidence, the Court finds that any improper comment did not prejudice Ms. Sepe's case.

For these reasons, the Court finds that defense counsel's comments during closing argument do not require a new trial.

**B. Exhibit**

Ms. Sepe next argues that Red Robin's failure to redact three words, "fall at work," from a medical record violated the Court's order granting Ms. Sepe's pre-trial motion in limine. The Court granted Ms. Sepe's motion, limiting admission of any reference, either documentary or testimonial, to a Worker's Compensation claim she filed arising out of an unrelated incident. (*See* ECF No. 28; Text Order, Mar. 17, 2015.) At trial, Red Robin submitted Exhibit F, a medical record from Ms. Sepe's treatment with Dr. Christopher Ottiano that contained references to Ms. Sepe's 2009 claim, which were redacted except for the three words at issue here. (ECF No. 40-3.) Ms. Sepe argues that admission of the unredacted document prejudiced her before the jury, requiring a new trial. The Court disagrees.

While the Court recognizes that reference to her 2009 Worker's Compensation Claim, involving a separate and unrelated incident, would not only be irrelevant to this case, but also could be unfairly prejudicial, *see* Fed. R. Evid. R. 403, Ms. Sepe makes no allegation that Red Robin's use of the medical record directly referenced that claim, and this Court finds no such reference. The record's reference to a "fall at work" does not automatically infer that a Workers' Compensation claim was filed and Ms. Sepe's Motion in Limine only requested preclusion of references to the Workers' Compensation claim, not to the fall that precipitated the claim. Moreover, the Court notes that Red Robin did not otherwise raise in argument, through evidence, or testimony that Ms. Sepe had previously filed a work-related claim. Because there is no

connection between the "fall at work" language and any other evidence the jury heard at trial, admission of the medical record without the noted redaction was not error.

For these reasons, the Court declines to grant a new trial on this ground.

## IV.  CONCLUSION

Ms. Sepe is not entitled to a new trial.  In the Court's opinion, after a well-executed and fair trial conducted by very competent counsel for both parties, the jury applied the appropriate law to the facts and reached a reasonable verdict in favor of Red Robin.  Ms. Sepe has failed to raise any issues involving the fairness of or any prejudicial errors at trial.  Ms. Sepe's Motion for a New Trial (ECF No. 40) is DENIED.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

August 7, 2015